UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY DEWAYNE SHELBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:17-CV-821 JAR |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $30, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, upon review the Court will require plaintiff to submit an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against the Missouri Department of Corrections, Corizon, LLC, and Shannon Oaks. He has cervical spinal stenosis and pseudogout in his right knee. He has various symptoms, including numbness in his hands, back and neck pain, tingling and itching on his back, and difficulty sleeping, among other things. His main complaint appears to be pain.

Plaintiff has seen defendant Oaks, who is a nurse, several times about his complaints. In response to his complaints, she has given him naproxen and ibuprofen, and she has relayed his complaints to his doctors, who are not named in the complaint. He complains that she has not ordered an MRI test or surgery for his condition.

## Discussion

Plaintiff has submitted an amended complaint, which he intends to be viewed alongside his original complaint. This is not permissible. All of plaintiff's claims must be filed in one, centralized complaint form.

The complaint is legally frivolous with regard to the Missouri Department of Corrections (MDOC). *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (state agency exercising state power is not "person" subject to § 1983 suit).

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in

2

giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In this case, plaintiff has not put forth plausible allegations that Oaks deliberately disregarded his medical needs. He says she provided him with anti-inflammatory drugs. And although he says he has not been provided with an MRI or surgical intervention, Oaks is not qualified in her capacity as a nurse to provide him with those things. The order must come from a doctor. Plaintiff has not named any doctors as defendants, and he has not alleged that Oaks refused to tell his physicians about his symptoms. As a result, the complaint states a claim for negligence, at best, against Oaks.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint on a Court form. Plaintiff shall have thirty days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth herein. All claims in an action must be included in one, centralized complaint form, as neither the court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, and so he must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be

3

subject to dismissal. All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on a Court form within thirty days in accordance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $30 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend (Doc. 5) is **MOOT**.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

4

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 19th day of April, 2017.

                                                                  JOHN A. ROSS
                                                                   UNITED STATES DISTRICT JUDGE