# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JIMMY DEWAYNE SHELBY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:17-CV-821 JAR<br>) |
| MISSOURI DEPARTMENT OF<br>CORRECTIONS, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's third amended complaint. Upon review, the Court finds that the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. As a result, plaintiff must submit a fourth amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff alleges that he has several problems with his vertebrae, including stenosis and degenerative disc disease. His symptoms include neck and back pain, numbness in his hands, back pain, and tingling sensations in his back and extremities. A neurosurgeon recommended that he have surgery on three joints in his cervical and thoracic spine. Defendant Shannon Oaks did not approve of the surgery, and she prescribed an epidural anesthesia treatment. Defendant alleges that Shannon Ownes did not provide him with the medication he wanted for gout, because she diagnosed him with pseudogout. She also did not provide him enough naproxen. Plaintiff further alleges that the lack of care is a result of Corizon's policy to deny prisoners adequate treatment so that it can profit. Defendant Troy Steele is responsible for his medical care in his capacity as Warden of the institution.

## Discussion

Rule 8(a) requires that a complaint contain "a short and plain statement of the [facts] showing that [he] is entitled to relief . . ." At sixty-two pages, the complaint is far too long. Plaintiff repeats the same allegations over and over, and the allegations are excessively wordy and repetitive. Many of the allegations do not pertain to the named defendants. The complaint is rife with legal arguments and conclusions. And plaintiff often refers to defendants Shannon Oaks and Shannon Ownes by their first names only, which would make it impossible for defendants to respond to the allegations. As a result, plaintiff must submit an amended complaint.

2

The amended complaint must not contain irrelevant allegations, such as conversations plaintiff had with non-defendants. It must be limited to *facts* demonstrating that the named defendants were aware of his serious medical needs but purposely disregarded them. Allegations pertaining to defendants Shannon Oaks and Shannon Ownes must contain their last names. The allegations must be concise and to the point. And the complaint must not include legal arguments or conclusions.

If the amended complaint does not comply with Rule 8(a), the Court may dismiss this action with prejudice. *See Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within twenty-one (21) days of the date of this Order.

**If plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.**

Dated this 17th day of August, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3