## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JIMMY DEWAYNE SHELBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-821 JAR |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following plaintiff's filing of his second amended complaint. The Court has granted plaintiff leave to proceed in forma pauperis, and has twice ordered him to file amended complaints to comply with Federal Rule of Civil Procedure 8(a). After reviewing plaintiff's second amended complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## Legal Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), brings this 42 U.S.C. § 1983 action alleging defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Named as defendants are Troy Steele, Warden, ERDCC; Corizon Health Care, Inc.; Shannon Oaks, Nurse Practitioner; and Shannon Ownes, Nurse Practitioner.

Plaintiff suffers from severe chronic back pain. MRI results show spinal stenosis in three places of plaintiff's cervical spine. Plaintiff alleges experiencing daily pain in his neck, shoulder, and back; tingling and stinging pain in his hips, pelvis, buttocks, and limbs; numbness in his arms, fingers, feet, and toes; and burning in his lower back and thighs. He was placed in the chronic care program at ERDCC because of his chronic pain.

Plaintiff states that the Victoria Reinholdt, the nurse practitioner at ERDCC prior to defendant Shannon Oaks, had approved plaintiff for surgery to correct his cervical spine stenosis. He states he has visited two separate neurosurgeons, an unnamed neurosurgeon at St. Louis University and Dr. Lucio, and both wanted to perform surgery on his cervical spine. Plaintiff alleges that the SLU neurosurgeon wanted to perform the surgery in February 2016. On March 11, 2016, however, defendant Oaks stated that "after multiple attempts, SLU has not communicated any plans for you." Plaintiff states he was then sent to Dr. Lucio, who also wanted to perform the surgery, but required plaintiff to visit an ENT prior to surgery.

- 2 -

Plaintiff alleges that on April 1, 2016, however, he met with defendant Oaks as a follow-up, and Oaks stated, "the appointment [with Dr. Lucio] was for the consultation with the neurosurgeon. Jefferson City is cutting back on having any surgeries performed." On April 12, 2016, plaintiff met with Todd Renshaw (presumably another nurse practitioner), and Mr. Renshaw stated that "they do not want to have the surgery; you have been approved to having an injection in your cervical spine. I'll keep working on getting the approval because we know you need the surgery." Plaintiff alleges that defendant Oaks knew of the recommendations of the SLU neurosurgeon and Dr. Lucio for surgical correction, but approved him only for an injection.

On November 21, 2016, plaintiff received an injection from Dr. Lucio. He followed up with defendant Oaks two weeks later and reported pain in his neck and continuing numbness in three fingers of his left hand. At some point after February 2, 2017, plaintiff sought another MRI, and defendant Oaks refused to order one. Plaintiff also complained of swollen knees. He sought an extra mattress and wheelchair for his condition, and was refused.

Plaintiff seeks an injunction ordering defendant Corizon Health, Inc. to perform the cervical spine procedure, an MRI, and a surgical procedure on plaintiff's thoracic and lumbar spine. He also seeks compensatory and punitive damages against all defendants.

## Discussion

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quotation and citations omitted). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05. For purposes of initial review under 28

U.S.C. § 1915(e)(2), the Court will address plaintiff's claims as they are alleged against each defendant.

## A.    Troy Steele, Warden, ERDCC

Plaintiff has named Troy Steele, the Warden of ERDCC, as a defendant, stating that he "is responsible for all the operations of ERDCC, safety, and welfare of all the inmates within the prison." Plaintiff has not set forth any facts indicating that any defendant Steele was directly involved in or personally responsible for the alleged violations of his constitutional rights.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). To state a claim, the plaintiff must plead that the supervising official, through his own individual actions, has violated the Constitution. *Id.*

Because plaintiff has not alleged defendant Steele was directly involved in his alleged constitutional violations, the complaint fails to state a claim upon which relief can be granted as this defendant. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). The Court will dismiss plaintiff's claims against defendant Troy Steele.

## B. Corizon Health Care, Inc.

To state a claim against Corizon Health Care, plaintiff must allege that a policy or custom of Corizon was responsible for a constitutional violation. *See Crumpley–Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (*citing Monell v. Dep't of Soc. Servs of City of New York*, 436 U.S. 658, 690 (1978)). Other than naming Corizon Health Care as a defendant, plaintiff has made no allegations against this entity. The complaint does not contain any allegations that a policy or custom of Corizon was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to defendant Corizon Health Care, Inc.

## C. Shannon Oaks, NP

Plaintiff alleges three different medical professionals recommended that he have surgery on his back to correct or alleviate the pain caused by the spinal stenosis in his cervical spine—Victoria Reinholdt, RN, an unnamed neurosurgeon from SLU, and Dr. Lucio. Plaintiff states that despite these recommendations, defendant Oaks approved him to have only an injection. Construing the complaint liberally on initial review, the Court finds that plaintiff has stated a claim against defendant Oaks.

To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious medical need and (2) defendant knew of, but deliberately disregarded, that need. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). The Court finds that plaintiff has alleged a plausible Eighth Amendment violation against defendant Oaks, and will issue process upon her. *See, e.g.*, *Starbeck v. Linn County Jail*, 871 F. Supp. 1129, 1146-47 (N.D. Iowa 1994) (denying summary judgment for medical defendants "given the fact that three orthopedists had recommended [inmate] receive surgery for his herniated disk and [defendants] took no affirmative steps to provide [inmate] with such treatment]").

## D. Shannon Ownes, NP

Defendant mentions defendant Shannon Ownes twice in his complaint, and states only that Ownes disagreed that surgery would help plaintiff, and gave plaintiff some spine conditioning exercises to practice. Plaintiff has made no allegations of constitutional violations against Ms. Ownes in his complaint, and therefore she will be dismissed.

## E. Plaintiff's Claims Against Defendants in Their Official Capacities

The Court will dismiss all of plaintiff's claims brought against all defendants in their official capacities. As to plaintiff's claims against Troy Steele, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff's complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of his constitutional rights. As to plaintiff's claims against the medical defendants, the complaint does not contain any allegations that a policy or custom of Corizon was responsible for any alleged violations of his constitutional rights.

As a result, the complaint fails to state a claim upon which relief can be granted against all defendants in their official capacities, and these claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to Shannon Oaks, RN, in her individual capacity.

- 6 -

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Corizon Health Care, Inc., Troy Steele, and Shannon Ownes because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. Plaintiff's claims against these defendants are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against all defendants in their official capacities are **DISMISSED** without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 15th day of December, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE