UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY DEWAYNE SHELBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-00821-JAR |
| ) | |
| SHANNON OAKS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM & ORDER**

This matter in this closed case comes before the Court on Plaintiff Jimmy DeWayne Shelby's motion to unseal documents. (Doc. No. 60). On August 26, 2019, the Court granted Defendant Shannon Oaks's motion for summary judgment and denied Plaintiff's motion for summary judgment. Now, Plaintiff contends he did not receive certain documents filed under seal in support of Defendant's motion for summary judgment, and thus requests that those documents be unsealed and made available to him.

On October 8, 2019, the Court directed Defendant to verify that she provided Plaintiff with a copy of her motion for summary judgment, as well as all supporting documentation. (Doc. No. 61). In response, Defendant states that her attorney's internal records reflect that such copies were mailed to Plaintiff on September 11, 2018, in accordance with the certificate of service on those documents. (Doc. No. 62). Plaintiff did not file any reply to the contrary.

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Rohrbough v. Hall*, No. 4:07CV00996 ERW, 2010 WL 1998554, at *1 (E.D. Mo. May 19, 2010) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1979)). This right is not absolute, however, and the

Court's Local Rules specifically protect documents containing social security numbers, dates of birth, and home addresses. *See* L.R. 2.17.

Upon review of the record, it appears that Plaintiff received copies of the records in question. On April 5, 2018, Defendant filed a notice with the Court stating that her counsel mailed copies to Plaintiff of his medical and grievance records previously identified in her initial disclosures. (Doc. No. 29). Plaintiff confirmed that he received those records, which formed the basis of Defendant's motion for summary judgment. Thus, Plaintiff had in his possession the documents required to respond to Defendant's motion for summary judgment, and Plaintiff used these records to support his cross motion for summary judgment. (*See* Doc. No. 52). The Court allowed these documents to be filed under seal to protect Plaintiff's privacy and to shield his personal information from public disclosure. Therefore, the Court will deny Plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jimmy DeWayne Shelby's motion to unseal documents (Doc. No. 60) is **DENIED**.

Dated this 12th day of November, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE